# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00467-CR

**David Cepeda Jones, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 8 OF BEXAR COUNTY, NO. 887946, THE HONORABLE KAREN CROUCH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant David Cepeda Jones, acting pro se, filed a document with this Court entitled "Notice of Appeal/Investigation Demanded." As we read his document, appellant raises issues in connection with an appeal from matters related to criminal charges dismissed in a county court at law of Bexar County, apparently in October 2004. The pleading references a cause number in County Court at Law No. 8, and complains about the purported refusal of the Fourth Court of Appeals to address the denial of his constitutional right to a jury trial in the dismissed case.

This Court's appellate jurisdiction generally is limited to cases appealed from trial courts in our court of appeals district, which does not include Bexar County. *See* Tex. Gov't Code Ann. §§ 22.201(d), .220 (West Supp. 2012). We see no basis for jurisdiction over an appeal of matters arising out of a county court of Bexar County or over actions taken by the Fourth Court of Appeals, and nothing in the documents appellant has filed demonstrates we otherwise have authority

to grant any relief he seeks. *See Olivo v. State*, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996) (listing Government Code § 22.201 among examples of laws that establish jurisdiction of courts of appeals).

To any extent that appellant's pleadings could be read as initiating an original appellate proceeding seeking extraordinary relief, *see* Tex. R. App. P. 52, we note that our mandamus authority also is limited. By statute, this Court has the authority to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district" and other writs as necessary to enforce our appellate jurisdiction. *See* Tex. Gov't Code Ann. § 22.221 (West 2004). The Fourth Court of Appeals is not a party against whom we may issue a writ of mandamus. Nor has appellant demonstrated that the exercise of our writ power is necessary to enforce our jurisdiction as we have no appellate jurisdiction over the Fourth Court of Appeals.

Finding we lack jurisdiction, we dismiss his attempted appeal.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Dismissed for Want of Jurisdiction

Filed:   August 2, 2012

Do Not Publish